IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME GIBSON, AL PEOPLES, | ) |
| Plaintiffs, | ) Civil Action No. 07 - 841 )  ) |
| v. | ) Judge Joy Flowers Conti / ) Magistrate Judge Lisa Pupo Lenihan ) |
| JEFFREY A. BEARD, SECRETARY OF DOC; LOIUS L. FOLINO, SUPERINTENDENT OF S.C.I. GREENE; DEPARTMENT OF CORRECTIONS OFFICIALS, | ) ) ) ) ) |
| Defendants. | ) |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      RECOMMENDATION

It is respectfully recommended that Plaintiff's Emergency/Immediate Motion for Preliminary Injunction (doc. no. 3) be denied.

II.     REPORT

Plaintiff, Al Peoples, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against correctional officials employed at the Pennsylvania Department of Corrections (DOC). In his request for preliminary injunctive relief, Plaintiff complains that he must be transferred from death row housing because he was granted a new trial in his post-conviction proceeding in June of 2005.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political

Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. Acierno, 40 F.3d at 655.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to release him from death row housing. Plaintiff's request for preliminary injunctive relief is directed not merely at preserving the status quo; instead, it seeks mandatory relief. In this

situation, the burden on the moving party is particularly heavy.  *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994).  Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." ' Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Beard v. Banks, 126 S.Ct. 2572, 2578 (U.S. June 28, 2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his motions that cannot be compensated with money damages; such relief, if necessary, should be required only after a full review of the relevant facts and law.  Accordingly, his motion for a preliminary injunction should be denied.

III.        CONCLUSION

It is respectfully recommended that Plaintiff's Emergency/Immediate Motion for Preliminary Injunction (doc. no. 3) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                        Lisa Pupo Lenihan
                        U.S. Magistrate Judge

July 11, 2007

cc:        Joy Flowers Conti
           United States District Judge

           Al Peoples EG - 0648
           SCI GREEN
           175 Progress Drive
           Waynesburg, PA 15370